AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the

United States of America
v.

Kevin Maudiel MARTINEZ-RIVAS

*Defendant(s)*

Case No. 3:23-mj-71547 MAG

FILED
Oct 13 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **October 11, 2023** in the county of **San Francisco** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute a Federally Controlled Substance (methamphetamine) |

This criminal complaint is based on these facts:

Affidavit in Support of an Application for an Arrest Warrant and Criminal Complaint by TFO James Puccinelli

☑ Continued on the attached sheet.

/s/ James Puccinelli
*Complainant's signature*

James Puccinelli, DEA Task Force Officer
*Printed name and title*

Approved as to form /s/
AUSA Daniel N. Kassabian

Sworn to before me by telephone.

Date: 10/12/2023

*Judge's signature*

City and state: San Francisco, California

Hon. Lisa J. Cisneros, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION
## FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, James Puccinelli, a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA), having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging **Kevin Maudiel MARTINEZ-RIVAS** ("MARTINEZ-RIVAS") with 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on him possessing with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine on or about October 11, 2023, in San Francisco, California, in the Northern District of California.

## SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses.  Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part.  Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included each and every fact known to me about this case.  Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant.  My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am employed by the San Francisco Police Department (SFPD) as a Police Officer and have been so employed since May 2013.  I am currently assigned to the Narcotics

Division within the SFPD.  I am currently also assigned as a TFO with the DEA within the San Francisco Divisional Office in California.

5.  I graduated from the SFPD Academy in December of 2013.  At the police academy, I received 40 hours of narcotics-related training.  I also attended the SFPD Detective School, where I received additional narcotics investigations training.  This training covered all aspects of drug investigations including, but not limited to the identification of controlled substances, physical surveillance techniques, utilization of confidential sources, interview techniques, undercover operations, authoring search warrants, and the general operation of drug trafficking organizations.  I completed the Robert Pressley ICI Core Course, which is an 80-hour course that addresses crime scene management, interviewing witnesses and interrogating suspects, search and seizure, search warrant preparation, surveillance techniques, case reporting, informant management, and courtroom testimony.  I completed an Electronic Surveillance Course, which is an eight-hour course that covers the legal basis for California wiretap operations as well as the practical and tactical aspects of operating and monitoring a wiretap. I completed an eight-hour Cell Phone Use in Narcotic Investigations put on by HIDTA (High Intensity Drug Trafficking Area),[1] which went over investigative techniques regarding methods of exploring cellular phones to assist in narcotics-related investigations.  I also completed a Writing Narcotics Search Warrant course hosted by HIDTA.  This course went over the necessary steps and investigative methods and procedures for authoring narcotics-related search warrants.

6.  During my employment as a Police Officer, I have participated in numerous controlled substance investigations either as a case agent or in a supporting role.  I have discussed with numerous law enforcement officers and confidential sources the methods and

---

[1] HIDTA is a program sponsored by the federal government.  The goals of HIDTA are to eliminate or reduce drug trafficking, assess drug trafficking problems, and design specific initiatives to reduce or eliminate the production, manufacture, transportation, distribution, and chronic use of illegal drugs.

practices used by drug traffickers. I have also participated in many aspects of drug investigations, including, but not limited to undercover operations, records research, authoring search warrants, and physical surveillance. I have also assisted in court-ordered GPS cell-tower location analysis investigations. Moreover, I have assisted in the execution of numerous federal and state search and arrest warrants related to illegal drug activity.

7. Through my training, education, experience, and discussions with other law enforcement officers and agents who conduct drug investigations, I have become familiar with drug traffickers' methods of operation, including but not limited to the manufacturing, distribution, storage, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds. Based on my training and experience, I have also become familiar with drug traffickers' use of mobile telephones to facilitate drug trafficking activity.

8. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including drug offenses.

9. I have personally participated in the investigation discussed in this affidavit. I am familiar with the facts and circumstances of the investigation through my personal participation in it based on several investigative techniques, including discussions with agents of the DEA and with other law enforcement agencies, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part. Facts not set forth herein, or in any attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTE

10. **Possession of Controlled Substance with Intent to Distribute**. Under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), it is unlawful for any person to knowingly possess with intent

to distribute a federally controlled substance. Under 21 C.F.R. § 1308.12, methamphetamine, fentanyl, and cocaine base are Schedule II controlled substances.

## STATEMENT OF PROBABLE CAUSE

11.  On October 11, 2023, MARTINEZ-RIVAS was arrested by San Francisco Police Department (SFPD) officers near Market and 7th Streets—less than 300 feet away from the San Francisco Federal Building and the Courthouse for the United States Court of Appeals for the Ninth Circuit, in San Francisco, California, in the Northern District of California. Based on the facts described below, I have probable cause to believe that MARTINEZ-RIVAS violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.

12.  Based on my training and experience, I know that the area where Market and 7th Streets intersect is plagued with the sales and consumption of illegal narcotics—i.e., it is an area where illegal narcotics are sold and or used at all times during the day and night, often resulting in multiple calls to the SFPD Tenderloin District station for service. I have been an undercover officer who has engaged in controlled buys of illegal narcotics in that area. I also have spoken with community representatives, business owners, passing citizens, and narcotic dealers and users, who have made me aware of the narcotics being sold and consumed in that area.

13.  At approximately 10:30 p.m. on October 11, 2023, SFPD officers, conducted surveillance of the area where Market and 7th Streets intersect via a privately-owned, closed-circuit television (CCTV) camera. While observing the live CCTV feed, SFPD officers observed an individual later identified as MARTINEZ-RIVAS standing on the southwest corner of Market and 7th Streets in front of the building at 1101 Market Street. He was wearing a black beanie, black puffy jacket, black backpack, black jeans, and white shoes. As captured on the recorded CCTV feed, unknown passersby approached MARTINEZ-RIVAS with cash in their hands, while he stood underneath the overhang of that building; MARTINEZ-RIVAS accepted their cash, one-by-one, and in exchange, MARTINEZ-RIVAS placed a substance in the palm of each of their open hands.

14. At one point in time, as I saw on the recorded CCTV feed, MARTINEZ-RIVAS kneeled and removed an object from one of his pockets and placed it on the ground. MARTINEZ-RIVAS was crouched over the object on the floor that was illuminated by a blue light; the CCTV's feed does not make clear what MARTINEZ-RIVAS was handling at that time. Based on my training and experience conducting narcotics spotting operations and from what was visible, however, I believe MARTINEZ-RIVAS was weighing narcotics on the ground with a scale that had a blue light screen. Thereafter, MARTINEZ-RIVAS handed an unknown adult male suspected narcotics by placing it in the person's hand. MARTINEZ-RIVAS then accepted cash from the unknown adult male, and placed the cash in one of his (MARTINEZ-RIVAS's) pants pockets. Based on my training and experience and what I observed between MARTINEZ-RIVAS and the unknown adult male on the recorded CCTV feed, I believe I saw a narcotics transaction. The unknown adult male walked away, and MARTINEZ-RIVAS continued to stand around in the same area of the sidewalk.

15. Thereafter, as I saw on the recorded CCTV feed, an unknown adult white male wearing a black jacket, black shirt, and dark pants approached MARTINEZ-RIVAS. The unknown male handed cash to MARTINEZ-RIVAS. MARTINEZ-RIVAS then pulled out a small plastic bag containing a substance and held it in his hand. MARTINEZ-RIVAS then removed a white substance from the plastic bag and placed it in the unknown adult white male's hand. The unknown adult white male gave MARTINEZ-RIVAS cash, and MARTINEZ-RIVAS placed the money in his (MARTINEZ-RIVAS's) pants pocket. Based on my training and experience, and what I observed between MARTINEZ-RIVAS and the unknown adult white male on the recorded CCTV feed, I believed MARTINEZ-RIVAS had just sold illegal narcotics to this unknown adult while male too.

16. The SFPD officer viewing the CCTV feed in real-time, based on his training and experience and what he observed as described above, coordinated with other SFPD officers to arrest MARTINEZ-RIVAS for distribution of controlled substances. MARTINEZ-RIVAS was arrested in front of 26 7th Street without incident.

17. A search incident to MARTINEZ-RIVAS's arrest revealed the following on him:

   a. Suspected methamphetamine weighing 76.8 grams gross² (in backpack) as shown below:

   

   b. $695 in U.S. currency ($100 x 4, $50 x 1, $20 x 7, $10 x 3, $5 x 11, $1 x 20, in left pants pocket);

   c. one mobile telephone (in right pants pocket);

   d. Suspected fentanyl weighing in aggregate 316.1 grams gross (in backpack, hoodie front pocket, and left inside jacket pocket) as shown below:

---

² As shown in the photos in this affidavit, each of the suspected narcotics substances was weighed with packaging, resulting in a gross weight, and tested with a Thermo Scientific TruNarc Handheld Narcotics Analyzer, which scans substances, including through clear plastic bags. In my training and experience, the TruNarc device is a reliable tool to conduct presumptive testing of controlled substances in the field, and I have probable cause to believe the substance tested has a detectable amount of the controlled substance identified by that device.



e. Suspected cocaine base weighing 10.1 grams gross (in left jacket pocket) as shown below:



7

18. Based on my training and experience, the number of different controlled substances and the amounts of them that MARTINEZ-RIVAS had on his person when arrested on October 11, 2023 were consistent with the amount possessed for distribution as opposed to mere personal use. What I observed of MARTINEZ-RIVAS on the CCTV feed, his possession of a scale, his possession of a various denominations of cash, and that he did not possess paraphernalia used to consume narcotics, such as tin foil, straws, or bulbous pipes, further supports my opinion that MARTINEZ-RIVAS intended to distribute the controlled substances that he possessed at the time of his arrest on October 11, 2023.

19. MARTINEZ-RIVAS's identity was confirmed through fingerprinting. A records check confirmed the following: MARTINEZ-RIVAS was previously arrested in San Francisco on June 6, 2023 for violating Cal. Health & Safety Code § 11351 (possession of narcotics for sale) but it appears no criminal case was filed for that offense thereafter.

## CONCLUSION

20. Based on the information above, there is probable cause to believe that on or about October 11, 2023, MARTINEZ-RIVAS violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), based on his possession with intent to distribute a mixture or substance containing a detectable amount methamphetamine. Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

*/s/ James Puccinelli*

———————————————
James Puccinelli
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 12th day of October 2023.

———————————————
HONORABLE LISA J. CISNEROS
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** [X] COMPLAINT    [ ] INFORMATION    [ ] INDICTMENT    [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 841(a)(1), (b)(1)(C)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

**PENALTY:**
Imprisonment: 20 years (max)
Fine: $1,000,000 (max);
Supervised Release: 3 years (min) to life (max)
Special Assessment: $100; forfeiture; denial of federal benefits

**DEFENDANT - U.S**
▶ Kevin Maudiel MARTINEZ-RIVAS

**DISTRICT COURT NUMBER**
3:23-mj-71547 MAG

**FILED**
Oct 13 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

**Name of Complaintant Agency, or Person (& Title, if any)**
Drug Enforcement Administration

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY    [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on this form**
Ismael J. Ramsey

[X] U.S. Attorney    [ ] Other U.S. Agency

**Name of Assistant U.S. Attorney (if assigned)**
Daniel N. Kassabian

## DEFENDANT

**IS *NOT* IN CUSTODY**

1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) [X] On this charge

5) [ ] On another conviction    [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [X] No
If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year 10/11/2023

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
[ ] SUMMONS    [ ] NO PROCESS*    [X] WARRANT    Bail Amount: No Bail

If Summons, complete following:
[ ] Arraignment    [ ] Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments: